▇▇▇ HARRY BOSHART et al., Respondents, v CITY OF BUFFALO, Appellant.—Order unanimously affirmed without costs. Memorandum: Plaintiff Harry Boshart (Boshart) was injured when he fell from scaffolding on which he was working at the Main Place Mall Parking Ramp, a public parking facility owned by the City of Buffalo (City). At the time of his fall, Boshart was employed by Frank L. Ciminelli Construction Company, a company retained by the City to reconstruct and renovate the parking ramp. Boshart and a co-worker were standing on scaffolding located inside the parking ramp while attaching pieces of wood to the parking ramp ceiling when a car operated by Marc Hopkins allegedly swerved to avoid another car, struck the scaffolding and caused it to move. Plaintiff and his co-worker fell to the ground. Plaintiffs commenced this action and asserted a cause of action based upon a violation of Labor Law § 240 (1). Upon completion of discovery, plaintiffs moved for partial summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action. The City cross-moved for dismissal of that cause of action. Supreme Court granted plaintiffs' motion and denied the City's cross motion. We affirm. Plaintiffs established by the submission of evidentiary proof in admissible form that Boshart was engaged in construction work at the time he fell from an elevated worksite, that no adequate safety devices or safeguards were in place "as to give proper protection to a person so employed" (Labor Law § 240 [1]), and that the failure to provide those safety devices or safeguards was a proximate cause of his injuries (see, Donovan v City of Buffalo, 185 AD2d 703 [decided herewith]; Walsh v Baker, 172 AD2d 1038, 1039; Armstrong v Sherrill-Kenwood Water Dist., 135 AD2d 1081). Boshart testified at his examination before trial that, at the time of the accident, the scaffolding was placed in the westerly portion of the driving aisle and cars were parked perpendicular to the easterly portion of that driving aisle. There were no barriers placed between the scaffolding and the open portion of the driving aisle. Further, Boshart was provided with no safety devices and the area where he was working was open to public vehicular traffic. The general

manager of the parking ramp testified at an examination before trial that, when he visited the parking ramp on other occasions to view the progress of this project, he observed that the particular area where the work then was being performed was closed to vehicular traffic.

The City failed to come forward by the submission of evidentiary proof in admissible form to show the existence of an issue of fact to require a trial (see, Heath v Soloff Constr., 107 AD2d 507, 511). Rather, it asserted in conclusory fashion that it provided Boshart with adequate safety devices and that, even if it failed to do so, its actions were not a proximate cause of Boshart's injuries. The City argued that the proximate cause of those injuries was the unforeseeable act of the Hopkins car striking the scaffolding and that Hopkins' act was a superseding cause, which interrupted the link between the City's violation of Labor Law § 240 (1), if any, and Boshart's injuries. We disagree. "Where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed. In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315, rearg denied 52 NY2d 784). In the circumstances of this case, we conclude that, as a matter of law, plaintiffs established that the City's violation of Labor Law § 240 (1) was a proximate cause of Boshart's injury and that the intervening act of Hopkins did not sever that causal connection or interrupt that link. Therefore, plaintiffs were properly granted summary judgment on the issue of liability against the City. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Boomer, J. P., Pine, Boehm, Fallon and Davis, JJ.