■ ROBERT M. FULLER et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION et al., Appellants. [625 NYS2d 108] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Robert M. Fuller (plaintiff), a cable television repairman employed by third-party defendant, Harron Communications Corp. (Harron), was injured when the ladder he was climbing slipped, causing him to fall. Plaintiff was investigating a customer's complaint about "snowy reception". The cable line was attached to a utility pole owned jointly by defendants, Niagara Mohawk Power Corporation (Niagara Mohawk) and Oneida County Rural Telephone Co. (OCRT). Because the connection to be checked was at a distance from the pole and the ladder was too short to reach Harron's cable line, plaintiff placed the ladder against the OCRT line located directly below the cable line.

Plaintiffs commenced this action against Niagara Mohawk and OCRT alleging a cause of action under Labor Law § 240 (1). Plaintiffs' motion for partial summary judgment with respect to liability under Labor Law § 240 (1) and defendants' cross motion to dismiss the amended complaint were summarily denied by Supreme Court.

The court erred in denying defendants' cross motion. A utility pole is a "structure" within the meaning of the statute (see, Lewis-Moors v Contel of N. Y., 78 NY2d 942, 943) and the lines attached thereto may also be considered a structure (see, Garrant v New York Tel. Co., 179 AD2d 960). Also, we conclude that the work being performed by plaintiff constituted a repair or alteration of the structure within the meaning of the statute (see, Dedario v New York Tel. Co., 162 AD2d 1001). Defendants are not liable under Labor Law § 240 (1), however, because they are not "owners" of the television cable line being repaired or altered by plaintiff at the time of the

accident *(see,* Labor Law § 240 [1]), and did not otherwise act in the capacity of an owner *(see, Mangiameli v Galante,* 171 AD2d 162, 164). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Labor Law § 240 [1].) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.