■ CATHERINE DAUERNHEIM, Respondent, v LENDLEASE CARS, INC., et al., Appellants, et al., Defendant. (And Two Third-Party Actions.) [656 NYS2d 671] —In an action to recover damages for personal injuries, the defendant second third-party plaintiff, Lendlease Cars, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 25, 1996, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant third-party plaintiff Harold Levine, d/b/a Harold's Auto & Truck Service, separately appeals from so much of the same order as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

This appeal arises out of an incident which occurred on or about December 21, 1988, when the plaintiff allegedly opened the door of a van and the door fell on her leg. The van was leased by the plaintiff's employer, the third-party defendant NYNEX, from the defendant second third-party plaintiff Lendlease Cars, Inc. (hereinafter Lendlease), and was manufactured by the second third-party defendant, General Motors Corp. (hereinafter GM). The door to the van had been repaired by the defendant third-party plaintiff Harold Levine, d/b/a Harold's Auto & Truck Service (hereinafter Levine), less than two weeks prior to the date of the plaintiff's accident by replacement of the door-link assembly.

Although the complaint sought to recover from Lendlease under a strict liability theory, it is clear from the record, including paragraphs "Twenty Eighth" through "Thirty-Second" of the amended verified complaint, and Levine's testimony at an examination before trial, that failure to warn is the principal issue. In view of this notice that failure to warn is the principal issue and the corresponding absence of prejudice, the trial court properly exercised its discretion by amending the pleadings to conform to the proof (see, CPLR 3025 [c]; Matter of Honig, 213 AD2d 229; see also, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025:29).

The motion and cross motion for summary judgment were properly denied. In the absence of a contract requiring a defendant repair company to provide routine or systematic maintenance of a product, a repairer/contractor has no duty, as an independent contractor, to warn the plaintiff's employer of any purported design defects (see, Ayala v V & O Press Co., 126 AD2d 229; see also, McMurray v P.S. El., 224 AD2d 668; Giustino v Hollymatic Corp., 202 AD2d 161). In this case, Levine had an arrangement with Lendlease to repair and service the vehicles it leased to NYNEX. Levine regularly serviced the NYNEX vehicles and he had actual notice of the allegedly defective door-link assembly. In his deposition, Levine characterized broken door-link assemblies as a recurrent problem on the vans leased to NYNEX. Although Levine did not enter into a written contract with Lendlease to provide routine maintenance, other evidence in the record shows that an ongoing business relationship did, in fact, exist between Levine and Lendlease to service the NYNEX vehicles. There is an issue of fact as to whether or not Levine owed a duty to warn NYNEX of the alleged defect by virtue of this relationship and, if so, whether or not Levine breached that duty. Furthermore, an issue of fact exists regarding whether or not Lendlease, which just two weeks prior to the accident had authorized the repair of the van involved in the accident and which supervised, authorized, and directed the repair of all vehicles leased to NYNEX pursuant to a Maintenance Management Program under the lease, breached any duty to warn of the alleged design defect (see generally, Ayala v V & O Press Co., supra; cf., Pollack v Toyota Motor Sales U.S.A., 222 AD2d 766). Bracken, J. P., Miller, Sullivan and McGinity JJ., concur.