■ THOMAS J. RAY, Appellant, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents. NYNEX CORPORATION (Formerly NEW YORK TELEPHONE COMPANY), Third-Party Plaintiff, v T.J.'s CATV, INC., Third-Party Defendant-Respondent. NIAGARA MOHAWK POWER CORPORATION, Third-Party Plaintiff, v T.J.'s CATV, INC., Third-Party Defendant-Respondent. [682 NYS2d 758] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a lineman employed by third-party defendant, commenced this action seeking damages for personal injuries he sustained while replacing electrical equipment on a cable television line connected to a wooden utility pole. He was replacing a tap, an electrical device owned by defendant Cable Vision Industries Corporation (Cable Vision), while attached to the utility pole by means of gaffs, or metal shanks, worn by plaintiff around his lower leg. The gaffs were

inserted into the sides of the utility pole, which was jointly owned by defendants Niagara Mohawk Power Corporation (Niagara Mohawk), New York Telephone Company (New York Telephone) and NYNEX Corporation (NYNEX). While plaintiff was working on the tap, a portion of the utility pole on which his left foot was placed came loose. Plaintiff's left foot slipped from the utility pole, and plaintiff injured his left shoulder when he grabbed hold of the wire above him to prevent himself from falling. Plaintiff eventually was able to place the gaff on his left leg back into the utility pole and to climb down the pole.

Supreme Court properly granted that part of the motion of Niagara Mohawk, New York Telephone and NYNEX for summary judgment dismissing the Labor Law § 240 (1) cause of action against them. Although the tap is a structure within the meaning of Labor Law § 240 (1) (*see, Fuller v Niagara Mohawk Power Corp.*, 213 AD2d 986, *lv denied* 86 NY2d 708), it was attached to the cable line and was not on the utility pole. Those defendants did not own the tap "being repaired or altered by plaintiff at the time of the accident (*see,* Labor Law § 240 [1]), and did not otherwise act in the capacity of an owner" (*Fuller v Niagara Mohawk Power Corp., supra*, at 986-987).

The court erred, however, in granting the cross motion of third-party defendant and that part of the cross motion of Cable Vision for partial summary judgment dismissing the Labor Law § 240 (1) cause of action and in denying that part of plaintiff's cross motion for partial summary judgment on liability under that section against Cable Vision. Labor Law § 240 (1) is meant to protect workers from hazards "related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see also, Melber v 6333 Main St.*, 91 NY2d 759, 762). Here, plaintiff was working at an elevated worksite, and his injury resulted from the force of gravity (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501).

We therefore modify the order by denying the cross motion of third-party defendant, denying in its entirety the cross motion of Cable Vision, reinstating the Labor Law § 240 (1) cause of action against Cable Vision and granting that part of the cross motion of plaintiff for partial summary judgment on liability on the Labor Law § 240 (1) cause of action against Cable Vision.

The dissent states that "Labor Law § 240 (1) does not apply because plaintiff did not sustain his injury in a fall". That statement is belied by the record. Plaintiff injured his shoulder when he instinctively reached for the wire as he was falling to prevent a further drop. The force of the fall is what caused the injury. They also maintain that, "because there is no proof that a safety device was defective or inadequate, there is no proof of a violation of Labor Law § 240 (1)". It is obvious that the equipment did not prevent the fall or the injury. As a matter of fact, it was a failure in the equipment that was the proximate cause of the fall.

All concur except Pine, J. P., and Balio, J., who dissent in part and vote to affirm in the following Memorandum.

Pine, J. P., and Balio, J. (dissenting in part). We respectfully dissent in part. The record establishes that plaintiff climbed a utility pole in order to work on a tap on a cable television line. Plaintiff was equipped with a climbing belt, or safety belt, and gaffs that were attached to each leg. Plaintiff testified at his pretrial deposition that, as he ascended the pole, he inserted each gaff firmly into the pole to make sure it was secure before taking the next step. As plaintiff worked on the tap while secured to the utility pole, the gaff that was attached to his left leg came loose from the pole. Plaintiff stated in his affidavit that "I lost my balance", and he instinctively reached for the cable wire and injured his shoulder. According to plaintiff, after holding on to the cable wire and regaining his balance, he was able to gaff back onto the pole and climb down. Plaintiff did not state in his affidavit or testify at his deposition that he fell or that the gaff or climbing belt was defective or that the climbing belt failed to prevent him from falling. Labor Law § 240 (1) does not apply because plaintiff did not sustain his injury in a fall and was not struck by a falling object (*see, Bonaparte v Niagara Mohawk Power Corp.*, 188 AD2d 853, *appeal dismissed* 81 NY2d 1067; *Shaffer v Niagara Mohawk Power Corp.*, 167 AD2d 824, *appeal dismissed* 77 NY2d 835). Moreover, because there is no proof that a safety device was defective or inadequate, there is no proof of a violation of Labor Law § 240 (1) (*cf., Felker v Corning Inc.*, 90 NY2d 219, 224). Under the circumstances, it is unnecessary to decide whether the cable wire on which the tap was affixed or the pole itself constituted the structure or whether defendants Niagara Mohawk Power Corporation and NYNEX Corporation are owners within the meaning of Labor Law § 240 (1). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.