MARK GIRTY, Respondent, v NIAGARA MOHAWK POWER CORPORATION et al., Appellants, et al., Defendants. ALLTEL NEW YORK, INC., Third-Party Plaintiff-Respondent, v KENYA CORPORATION, T/A CHANNEL COMMUNICATIONS, Third-Party Defendant-Appellant. TERRANCE G. STEPHAN et al., Third-Party Plaintiffs-Respondents, v KENYA CORPORATION, T/A CHANNEL COMMUNICATIONS, Third-Party Defendant-Appellant. [691 NYS2d 822] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a lineman employed by third-party defendant, commenced this action to recover damages for injuries he sustained while installing cable television lines. Defendant Paragon Cable T.V. (Paragon), the owner of the lines, hired third-party defendant to install the lines. At the time of the accident, plaintiff was working approximately 15 feet above the ground on a utility pole jointly owned by defendant Niagara Mohawk Power Corporation (Niagara Mohawk) and defendant

and third-party plaintiff Alltel New York, Inc. (Alltel). Paragon was permitted to use the utility pole pursuant to license agreements with Niagara Mohawk and Alltel's predecessor in interest. Plaintiff was secured to the pole by means of gaffs that he wore around his legs and inserted into the pole. He also wore a safety belt positioned above one of the cable lines. The accident occurred when a truck owned by defendant and third-party plaintiff Nason's Delivery and driven by defendant and third-party plaintiff Terrance G. Stephan struck a steel support wire, causing the pole on which plaintiff was working to shake violently. Plaintiff's gaffs were jarred out of the pole and plaintiff fell a foot or more until his safety belt caught on the line. As plaintiff dangled from the pole, he was slammed several times into the shaking utility pole.

Supreme Court erred in denying those parts of the motion of Alltel and the cross motion of Niagara Mohawk seeking summary judgment dismissing that part of the second cause of action alleging a violation of Labor Law § 240 (1) by those defendants. The court also erred in granting that part of plaintiff's motion seeking partial summary judgment on liability pursuant to Labor Law § 240 (1) against those defendants. Although the utility pole is a "structure" within the meaning of the statute (*see, Lewis-Moors v Contel of N. Y.,* 78 NY2d 942, 943), Niagara Mohawk and Alltel are not liable under Labor Law § 240 (1) "because they are not 'owners' of the television cable line being repaired or altered by plaintiff at the time of the accident (*see,* Labor Law § 240 [1]), and did not otherwise act in the capacity of an owner (*see, Mangiameli v Galante,* 171 AD2d 162, 164)" (*Fuller v Niagara Mohawk Power Corp.,* 213 AD2d 986, 986-987, *lv denied* 86 NY2d 708; *see, Ray v Niagara Mohawk Power Corp.,* 256 AD2d 1070).

The court properly granted that part of plaintiff's motion seeking partial summary judgment on liability pursuant to Labor Law § 240 (1) against Paragon. Paragon is an "owner" within the meaning of Labor Law § 240 (1) (*see, Wilcox v Paragon Cable T.V.,* 241 AD2d 914) and the television cable lines plaintiff was installing constitute a "structure" under the statute (*see, Fuller v Niagara Mohawk Power Corp., supra; Garrant v New York Tel. Co.,* 179 AD2d 960, 961). Plaintiff was exposed to the "special hazards" of working at an elevated worksite that called for the use of protective devices of the type listed in section 240 (1) (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *see, Felker v Corning Inc.,* 90 NY2d 219, 224), and his injuries were the proximate result of the failure of the devices he was using "to give proper protection" (Labor

Law § 240 [1]; *see, Ray v Niagara Mohawk Power Corp., supra; Atwell v Mountain Ltd.,* 184 AD2d 1065). Further, plaintiff is entitled to the protection of Labor Law § 240 (1) even though he did not fall to the ground (*see, Brown v Niagara Mohawk Power Corp.,* 188 AD2d 1014) and his injuries did not result solely from the impact of his fall (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562). Finally, we conclude that plaintiff established as a matter of law that the violation of Labor Law § 240 (1) was a proximate cause of his injuries and that "the intervening act of [Stephan] did not sever that causal connection or interrupt that link" (*Boshart v City of Buffalo,* 185 AD2d 706, 707; *see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784).

We therefore modify the order by granting those parts of the motion of Alltel and the cross motion of Niagara Mohawk seeking summary judgment dismissing that part of the second cause of action alleging a violation of Labor Law § 240 (1) by those defendants and by denying that part of plaintiff's motion seeking partial summary judgment on liability pursuant to Labor Law § 240 (1) against those defendants. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.