■ F & C GENERAL CONTRACTORS CORP., Respondent, v ATLANTIC MUTUAL MORTGAGE CORPORATION et al., Appellants, et al., Defendants. [703 NYS2d 196] —In an action, *inter alia*, to foreclose a mechanic's lien, the defendants Atlantic Mutual Mortgage Corporation, Chicago Title Insurance Company, and Bartech Abstract Company appeal from a judgment of the Supreme Court, Westchester County (Colabella, J.), dated September 14, 1998, which, after a nonjury trial, and upon the denial of their motion to dismiss the complaint at the close of the plaintiff's case for failure to prove a prima facie case, and upon the granting of the plaintiff's motion to vacate a prior judgment of the same court (Silverman, J.), dated December 11, 1997, which was in favor of the appellants and against it dismissing the complaint and to conform the pleadings to the proof, is in favor of the plaintiff and against them in the principal sum of $18,500.

Ordered that the judgment is modified, on the law, by deleting from the second decretal paragraph thereof the words "Atlantic Mutual Mortgage Corporation", and adding thereto a

provision granting that branch of the appellants' motion which was to dismiss the complaint insofar as asserted against that appellant; as so modified, the judgment is affirmed, without costs or disbursements.

This action arises from the appellants' failure to satisfy a mechanic's lien filed by the plaintiff against certain property at the closing on the refinancing of the property. At the close of the plaintiff's case the appellants moved to dismiss the complaint for failure to establish a prima facie case. The Supreme Court denied the motion. At the close of evidence, however, the Supreme Court dismissed the complaint and judgment was entered in favor of the appellants. Subsequently, the plaintiff moved to vacate the judgment and to conform the pleadings to the proof. The Supreme Court granted the motion and entered a new judgment in favor of the plaintiff.

The Supreme Court properly exercised its discretion in conforming the pleadings to the proof and in amending the complaint to assert a negligence cause of action against the appellants after judgment was entered in favor of the appellants (*see,* CPLR 3025 [c]; *Dittmar Explosives v A. E. Ottaviano, Inc.,* 20 NY2d 498, 502). The appellants had notice of the plaintiff's contention that the appellants Chicago Title Insurance Company (hereinafter Chicago Title) and Bartech Abstract Company (hereinafter Bartech Abstract), by their agent David Frost, were negligent in failing to follow closing instructions received from the plaintiff's counsel (*see, Dauernheim v Lendlease Cars,* 238 AD2d 462; *Weisberg v My Mill Holding Corp.,* 205 AD2d 756; *Matter of Honig,* 213 AD2d 229; *see also, Solomon v City of New York,* 66 NY2d 1026; *Green v State of New York,* 222 AD2d 553, 554).

Moreover, the evidence adduced at trial supports the court's finding of negligence as against Chicago Title and Bartech Abstract (*see, Thoreson v Penthouse Intl.,* 80 NY2d 490, 495; *Epos Contr. Corp. v Summit Renovation Corp.,* 250 AD2d 642; *Astoria Fed. Sav. & Loan Assn. v Thrift Assns. Serv. Corp.,* 237 AD2d 475).

The Supreme Court erred, however, when it denied that branch of the appellants' motion which was to dismiss the complaint insofar as asserted against the appellant Atlantic Mutual Mortgage Corporation (hereinafter Atlantic Mutual) made at the close of the plaintiff's case. The evidence proffered by the plaintiff at trial failed to establish a prima facie case of negligence as against Atlantic Mutual (*see, Solomon v City of New York, supra; Green v State of New York, supra*).

The parties' remaining contentions are without merit or

improperly before us on appeal (*see, 310 S. Broadway Corp. v Barrier Gas Servs.,* 224 AD2d 409). Sullivan, J. P., Friedmann, Feuerstein and Smith, JJ., concur.