(March 11, 2002)

■ DAVID ALOMIA et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant and Third-Party Plaintiff, and BUTLER LUMBER et al., Respondents. WELLS DIVERSIFIED SERVICES, Third-Party Defendant. [738 NYS2d 695] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Held, J.), dated June 15, 2001, as, upon granting the respec-

tive motions of the defendants New York City Transit Authority, Butler Lumber, and Pinchas Leitner pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence, is in favor of those defendants and against them dismissing the complaint.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, the motions are denied, the complaint is reinstated insofar as asserted against those defendants, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

On the afternoon of August 2, 1996, four workers were standing on scaffolds and scraping old paint from underneath a portion of the elevated subway line which runs along New Utrecht Avenue between 53rd and 54th Streets in Brooklyn. At about 1:00 P.M., a truck with a crane mounted on it, operated by Pinchas Leitner and owned by his employer, Butler Lumber, reached the intersection of 53rd Street and New Utrecht Avenue. As the truck proceeded across the intersection, it struck the cables supporting the scaffolds, causing the scaffolds to collapse, and leaving the workers dangling by their safety harnesses.

The four workers and the wife of one of the workers commenced this action against the New York City Transit Authority (hereinafter the Transit Authority) in its capacity as owner of the elevated subway line, alleging, inter alia, violations of Labor Law §§ 200 and 240 (1). Also named as defendants were Leitner and Butler Lumber. At trial, the plaintiffs testified that portions of 53rd Street and New Utrecht Avenue were blocked off with traffic cones, that warning signs were posted, and that a person with a flag was directing traffic at the intersection. However, Leitner maintained that he did not see any traffic cones or a person with a flag, and that he did not notice the scaffolding or cables when he proceeded across the intersection. At the close of evidence, the Transit Authority moved for judgment as a matter of law pursuant to CPLR 4401, contending that the plaintiffs had failed to establish its status as owner of the elevated train structure, and that, in any event, Leitner's negligent act of striking the support cables with his truck was the intervening superseding cause of the plaintiffs' injuries. Leitner and Butler Lumber also moved for judgment as a matter of law upon the ground that the plaintiffs could not rely upon evidence of the alleged negligent operation of the truck because the claimed negligence in their complaint related to Labor Law violations. Although the plaintiffs moved to conform the complaint to the proof of Leitner's alleged

negligence, the Supreme Court denied their motion, and granted the defendants' respective motions for a directed verdict in their favor. We reverse.

Labor Law § 240 (1) provides that "[a]ll contractors and owners and their agents" engaged in the painting of a structure shall furnish or erect scaffolding, ladders, and similar safety devices "which shall be so constructed, placed and operated as to give proper protection" to workers. Contrary to the contention of the Transit Authority, its status as the owner, for Labor Law purposes, of the elevated train structure was established by its responses to the plaintiffs' notice to admit, which were read into evidence at trial. Furthermore, the evidence that the scaffolds upon which the injured plaintiffs were working collapsed, causing them to fall, established a prima facie case of liability under Labor Law § 240 (1) (see, Montour v City of New York, 270 AD2d 236, 238; Jablonski v Everest Constr. & Trade Corp., 264 AD2d 381, 382; Lightfoot v State of New York, 245 AD2d 488, 489; Boshart v City of Buffalo, 185 AD2d 706). In addition, Leitner's act of striking the support cables with his truck is not a superseding cause of the plaintiffs' injuries. "An independent intervening act may constitute a superseding cause, and be sufficient to relieve a defendant of liability, if it is of such an extraordinary nature or so attenuated from the defendants' conduct that responsibility for the injury should not be reasonably attributed to them" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 562). Since the plaintiffs' injuries were a foreseeable consequence of the placement of the scaffolding on a public street open to vehicular traffic, Leitner's act of striking the support cable was not of such an "extraordinary nature" as to relieve the Transit Authority, as a matter of law, from liability for a violation of Labor Law § 240 (1) (see, Gordon v Eastern Ry. Supply, supra; Girty v Niagara Mohawk Power Corp., 262 AD2d 1012, 1014; Boshart v City of Buffalo, supra at 707). Under these circumstances, the Supreme Court should not have granted the Transit Authority's motion for judgment as a matter of law dismissing the plaintiffs' Labor Law § 240 (1) cause of action. We also find that the plaintiffs' Labor Law § 200 cause of action should be reinstated because sufficient evidence was presented at trial to raise an issue of fact as to whether the Transit Authority exercised supervisory control over the erection and placement of the scaffolding so as to render it potentially liable for the failure to provide a safe worksite (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Lombardi v Stout, 80 NY2d 290, 295).

Furthermore, the Supreme Court improvidently exercised its

discretion in denying the plaintiffs' motion to conform their complaint to the proof of Leitner's negligence adduced at trial. Leave to conform a pleading to the proof pursuant to CPLR 3025 (c) should be freely granted absent prejudice or surprise resulting from the delay (*see, Diaz v New York City Health & Hosps. Corp.,* 289 AD2d 365; *F & C Gen. Contrs. Corp. v Atlantic Mut. Mtge. Corp.,* 268 AD2d 556, 557; *Dauernheim v Lendlease Cars,* 238 AD2d 462, 463). Although the complaint did not specifically plead that the plaintiffs' injuries were caused by Leitner's negligent operation of the truck owned by Butler Lumber, it provided these defendants with notice of the manner in which the accident occurred. The issue of whether Leitner operated the truck negligently was also explored at his examination before trial, and was addressed by the parties in their opening statements. Thus, Leitner and Butler Lumber had notice of the nature of the motor vehicle negligence claim asserted against them, and would not have suffered surprise or prejudice by an amendment of the complaint to conform with the proof. Moreover, Leitner and Butler Lumber are not entitled to judgment as a matter of law on the plaintiffs' motor vehicle negligence cause of action, since the evidence presented at trial raises an issue of fact as to whether Leitner violated his duty as a driver to see that which he should have seen through the proper use of his senses (*see, Botero v Erraez,* 289 AD2d 274; *Agin v Rehfeldt,* 284 AD2d 352, 353, *lv denied* 97 NY2d 603; *cf., Vouniseas v Triboro Bridge & Tunnel Auth.,* 194 AD2d 665). Krausman, J.P., McGinity, Adams and Crane, JJ., concur.