■ BRIAN PETERS, Appellant, v THE KISSLING INTERESTS, INC., Respondent. [880 NYS2d 797]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered December 12, 2007 in a personal injury action. The order, insofar as appealed from, denied that part of plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action and granted that part of defendant's cross motion for summary judgment dismissing that cause of action.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the cross motion for summary judgment dismissing the Labor Law § 240 (1) cause of action is denied, that cause of action is reinstated, and that part of the motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action is granted.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while he was standing on a window sill that was six inches wide and several feet above the floor and was attempting to remove the window trim with a pry bar. A piece of loose trim on which plaintiff was pulling unexpectedly broke free from the window, and he began to fall backward off the window sill. When plaintiff grabbed the window sash to prevent himself from falling, the window shattered and a piece of falling glass struck his wrist. We agree with plaintiff that Supreme Court erred in granting that part of defendant's cross motion for summary judgment dismissing the Labor Law § 240 (1) cause of action and instead should have granted that part of plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action. A worker is protected by Labor Law § 240 (1) when he or she is subject to an elevation-related risk, and the failure to provide any safety devices to protect the worker from such a risk is a proximate cause of his or her injuries (see Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d 974, 978 [2003]). "The application of section 240 (1) does not hinge on whether the worker actually hit the ground" (id.). Rather, that section equally applies where the force of gravity requires the worker to act to prevent himself or herself from falling from an elevated worksite (see Ray v Niagara Mohawk Power Corp., 256 AD2d 1070, 1071-1072 [1998]; see also Ienco v RFD Second Ave., LLC, 41 AD3d 537, 538-539 [2007]; Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173, 174-175 [2004]; cf. Milligan v Allied Bldrs., Inc., 34 AD3d 1268 [2006]). Here, plaintiff met his burden of establishing that the lack of an appropriate safety device to protect him "from harm directly flowing from the application of the force of gravity" was the proximate cause of his injuries as a matter of law and thus that he was protected by Labor Law § 240 (1) (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; see Striegel, 100 NY2d at 978). Defendant failed to raise a triable issue of fact in opposition to the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.