■ BRUNILDA LOPEZ-DONES, Appellant-Respondent, v 601 WEST ASSOCIATES, LLC, et al., Respondents, B.R. FRIES & ASSOCICATES, INC., Defendant/Second Third-Party Plaintiff-Respondent-Appellant, B.R. FRIES & ASSOCIATES, LLC, Respondent-Appellant, RONSCO, INC., Defendant/Third-Party Plaintiff-Respondent-Appellant, and CAPITAL CEILING SYSTEMS, INC., et al., Defendants/Third-Party Defendants-Respondents. FALCON ELECTRICAL CONTRACTING CORP., Second Third-Party Defendant-Appellant-Respondent. [949 NYS2d 165]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated January 5, 2010, as denied those branches of her motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants 601 West Associates, LLC, Tommy Hilfiger U.S.A., Inc., and B.R. Fries & Associates, LLC, and the defendant/second third-party plaintiff, B.R. Fries & Associates, Inc.; the second third-party defendant, Falcon Electrical Contracting Corp., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the cause of action in the second third-party complaint for contractual indemnification; the defendant B.R. Fries & Associates, LLC, and the defendant/second third-party plaintiff, B.R. Fries & Associates, Inc., cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment on their cross claims against the defendant/third-party plaintiff, Ronsco, Inc., for contractual indemnification and common-law indemnification and on the causes of action in the

second third-party complaint for contractual indemnification and common-law indemnification; and the defendant/third-party plaintiff, Ronsco, Inc., cross appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it and the cross claims of the defendant B.R. Fries & Associates, LLC, and the defendant/second third-party plaintiff, B.R. Fries & Associates, Inc., for contractual indemnification and common-law indemnification insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from by the plaintiff, on the law, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants 601 West Associates, LLC, Tommy Hilfiger U.S.A., Inc., and B.R. Fries & Associates, LLC, and the defendant/second third-party plaintiff, B.R. Fries & Associates, Inc., is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the second third-party defendant, Falcon Electrical Contracting Corp., and insofar as cross-appealed from, and, upon searching the record, summary judgment is awarded to the defendant B.R. Fries & Associates, LLC, and the defendant second third-party plaintiff, B.R. Fries & Associates, Inc., dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants 601 West Associates, LLC, Tommy Hilfiger U.S.A., Inc., and B.R. Fries & Associates, LLC, and the defendant/second third-party plaintiff, B.R. Fries & Associates, Inc.

The defendant Tommy Hilfiger, U.S.A., Inc. (hereinafter Hilfiger), which leased certain commercial premises from the defendant 601 West Associates, LLC (hereinafter 601 West), engaged the defendant B.R. Fries & Associates, LLC, or the defendant second third-party plaintiff, B.R. Fries & Associates, Inc. (hereinafter together the BRF defendants), as general contractor for the renovation of the premises. Pursuant to a subcontract with the BRF defendants, the defendant/third-party plaintiff, Ronsco, Inc. (hereinafter Ronsco), performed certain drywall and ceiling work. Pursuant to sub-subcontracts with Ronsco, the defendant/third-party defendant Sunset Interiors Corp. (hereinafter Sunset) performed the drywall finishing work, and the defendant/third-party defendant Capital Ceiling Systems, Inc. (hereinafter Capital), performed certain ironwork.

Pursuant to a subcontract with the BRF defendants, the second third-party defendant, Falcon Electrical Contracting Corp. (hereinafter Falcon) performed certain electrical work.

The plaintiff was an apprentice electrician employed by Falcon. At her depositions, she recounted that, on the morning of June 1, 2005, she reported to work at the premises. Soon after her arrival, her supervisor, also a Falcon employee, directed her to perform certain electrical work on a particular "pull box" hanging from a ceiling. Neither her supervisor nor anyone else provided the plaintiff with a safety device, or assigned someone to help her with her work.

The plaintiff carried an A-frame ladder over to the pull box. The pull box was hanging from a ceiling in an open space, without any nearby walls. Other tradespeople were working throughout that space. After making sure that the area beneath the pull box was clear of debris, the plaintiff "completely" opened the ladder. She then pulled down on the ladder's hinges, which locked into place. She then conducted a visual inspection of the ladder, which revealed no cracks and that the ladder's feet were level with the concrete floor. She then shook the ladder and was satisfied that it was stable. She then ascended the ladder. After checking the area to make sure that no tradespeople were beneath her, she began performing the work on the pull box.

For the next few hours, the plaintiff performed her work without incident. The work required her to focus her attention upwards, inside of the pull box. At some point while she was working, an unidentified man pushing a loaded dolly past the ladder caused the dolly to come into contact with the ladder, and the impact caused the ladder to tip. The ladder did not fall to the concrete floor, but, rather, came into contact with a nearby air conditioning duct. The plaintiff, who lost her footing, "immediately" reacted to the impact by grabbing onto a metal rod extending from the ceiling. She had to "twist[ ]" her body in order to reach the metal rod, and was able to hook her leg into the ladder, get the ladder back to its upright position, and regain her footing on the ladder.

The plaintiff allegedly sustained certain injuries as a result of her attempt to avoid a fall from the ladder. She commenced this personal injury action, alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence.

"Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (*McCarthy v Turner Constr., Inc.*, 17

NY3d 369, 374 [2011]). A lessee of premises will be deemed an "owner[ ]" within the meaning of Labor Law § 240 (1) if the lessee had an "interest in the [premises] and . . . fulfilled the role of owner by contracting to have work performed for [its] benefit" (*Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 618 [2008] [internal quotation marks omitted]).

To prevail on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]). Labor Law § 240 (1) may apply where a plaintiff is injured as a result of his or her attempt to prevent a fall from a ladder (*see Lacey v Turner Constr. Co.*, 275 AD2d 734, 735 [2000]). Here, the plaintiff, relying on her deposition testimony, established, prima facie, that Labor Law § 240 (1) was violated and that the violation was a proximate cause of her injuries (*see Cordero v Kaiser Org.*, 288 AD2d 424, 424-425 [2001]; *Mooney v PCM Dev. Co.*, 238 AD2d 487, 488 [1997]; *Quinlan v Eastern Refractories Co.*, 217 AD2d 819, 820 [1995]; *Boshart v City of Buffalo*, 185 AD2d 706 [1992]; *cf. Alomia v New York City Tr. Auth.*, 292 AD2d 403, 405 [2002]). In opposition, 601 West, Hilfiger, and the BRF defendants, which offered no evidence contradicting the plaintiff's account of the events surrounding the accident, failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against 601 West, Hilfiger, and the BRF defendants.

The Supreme Court granted those branches of the cross motions of 601 West and Hilfiger, Ronsco, Sunset, and Capital which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against each of them. Since the Supreme Court properly granted those branches of those cross motions, under the circumstances, we grant the BRF defendants' request to search the record and award summary judgment to them dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them, pursuant to our authority to award such relief to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see Juncal v W 12/14 Wall Acquisition Assoc., LLC*, 15 AD3d 447, 449 [2005]). Those defendants which cross-moved for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them established, prima facie,

that the provisions of the Industrial Code cited in the plaintiff's bill of particulars either were inapplicable or were not violated (*see Paladino v Society of N.Y. Hosp.*, 307 AD2d 343, 345 [2003]). Since, in opposition, the plaintiff failed to raise a triable issue of fact (*id.*), and the BRF defendants would have the same defense to that cause of action as the cross-moving defendants, an award of summary judgment to the BRF defendants dismissing that cause of action insofar as asserted against them is appropriate here.

On their cross motions, however, the BRF defendants, Ronsco, and Falcon failed to establish, prima facie, that their respective employees did not negligently cause the accident. Accordingly, the Supreme Court properly denied those branches of their respective cross motions which were for summary judgment on their respective claims for contractual indemnification (*see Rodriguez v Tribeca 105, LLC*, 93 AD3d 655, 657 [2012]; General Obligations Law § 5-322.1), and common-law indemnification (*see Stevenson v Alfredo*, 277 AD2d 218, 220 [2000]).

The parties' remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.