Lagares v Carrier Term. Servs., Inc. (2019 NY Slip Op 08321)





Lagares v Carrier Term. Servs., Inc.


2019 NY Slip Op 08321


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1070 CA 19-00105

[*1]JOSE M. LAGARES AND CARMEN J. RAMOS, PLAINTIFFS-RESPONDENTS,
v
CARRIER TERMINAL SERVICES, INC., DEFENDANT-APPELLANT. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FROMEN, ATTORNEYS AT LAW, P.C., SNYDER, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered October 10, 2018. The order, among other things, granted plaintiffs' motion for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) cause of action and denied in part defendant's cross motion for summary judgment dismissing plaintiffs' amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries that Jose M. Lagares (plaintiff) sustained when he fell through the roof of defendant's building while working on a project involving the roof's removal and replacement. Defendant appeals from an order that, inter alia, granted plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and denied those parts of defendant's cross motion seeking summary judgment dismissing the
section 240 (1) cause of action and the section 241 (6) claim. We affirm.
Defendant contends that Supreme Court erred in granting plaintiffs' motion for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) cause of action. We reject that contention. Plaintiffs met their initial burden on the motion by establishing that defendant's failure to provide any fall protection was a proximate cause of the accident (see Lord v Whelan & Curry Constr. Servs., Inc., 166 AD3d 1496, 1497 [4th Dept 2018]; Peters v Kissling Interests, Inc., 63 AD3d 1519, 1520 [4th Dept 2009], lv denied 13 NY3d 903 [2009]; Whiting v Dave Hennig, Inc., 28 AD3d 1105, 1106 [4th Dept 2006]). In opposition, defendant failed to raise a triable issue of fact whether plaintiff's own negligence was the sole proximate cause of his injuries. Contrary to defendant's contention, plaintiff's mere failure to follow safety instructions cannot be said to be the sole proximate cause of the accident (see Luna v Zoological Socy. of Buffalo, Inc., 101 AD3d 1745, 1746 [4th Dept 2012]; see also Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]; Nephew v Klewin Bldg. Co., Inc., 21 AD3d 1419, 1420 [4th Dept 2005]). Rather, plaintiff's alleged conduct would amount only to comparative fault and thus cannot bar recovery under the statute (see generally LoVerde v 8 Prince St. Assoc., LLC, 35 AD3d 1224, 1226 [4th Dept 2006]).
In light of our determination, defendant's contention that the court erred in denying that part of its cross motion seeking summary judgment dismissing plaintiffs' Labor Law § 241 (6) claim is academic (see Wilk v Columbia Univ., 150 AD3d 502, 503 [1st Dept 2017]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court