**Halitskov v National Land Tenure Co. LLC**

2025 NY Slip Op 32479(U)

July 11, 2025

Supreme Court, Kings County

Docket Number: Index No. 525792/24

Judge: Kerry J. Ward

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 3, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 11th day of July, 2025.

P R E S E N T:

HON. KERRY J. WARD,

Justice.

-------------------------------------------------------------------X

DANIIL HALITSKOV,

Plaintiff,

-against-

Index No. 525792/24

NATIONAL LAND TENURE COMPANY LLC,
DBJPM- 2017C6 611 DEGRAW LLC,

Defendants.

-------------------------------------------------------------------X

The following e-filed papers read herein:                     NYSCEF Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____ 17, 46, 47-49, 62-64, 19, 26, 31, 34
Opposing Affidavits (Affirmations)_____ 57, 78, 91
Affidavits/ Affirmations in Reply _____  _____
Other Papers: _____  _____

Upon the foregoing papers, defendant DBJPM 2017-C6 611 Degraw LLC (DBJPM) moves (Motion Sequence [MS] #2) for an order, (1) pursuant to CPLR 3212, granting DBJPM summary judgment dismissing the complaint of plaintiff Daniil Halitskov with prejudice; (2) determining that the mechanic's lien filed by plaintiff is invalid; and (3) discharging the bond filed by DBJPM with respect to the mechanic's lien.  Plaintiff moves (MS # 3) to amend his complaint and to add Intact Insurance a/k/a Atlantic Specialty Insurance (Intact), the surety which issued the bond, as a party.   Plaintiff separately cross-

1

[* 1]

moves (MS # 4) for an order (1) pursuant to CPLR 3212, granting plaintiff summary judgment on his complaint; (2) determining that the mechanic's lien filed by plaintiff is valid; and (3) directing payment to plaintiff on the surety bond filed by DBJPM. Defendant National Land Tenure (NLT) cross-moves (MS # 5) for an order 1) pursuant to CPLR 3212, granting summary judgment dismissing the complaint as to NLT or, alternatively, compelling discovery; and 2) pursuant to 22 NYCRR Part 130, imposing costs and sanctions on plaintiff.

Plaintiff, pro se, commenced this action to recover sums allegedly owed for work he performed at the subject property at 611 Degraw Street in Brooklyn. The property was formerly owned by 611 Degraw LLC (611 LLC), which obtained title by deed dated May 23, 2008 and recorded June 5, 2008. On May 18, 2017, 611 LLC encumbered the property with a consolidated mortgage in the amount of $7,000,000. On March 24, 2022, the assignee of the consolidated mortgage commenced a foreclosure action against 611 LLC. A judgment of foreclosure was entered May 5, 2023, and the property was sold to DBJPM at the foreclosure auction. A referee's deed was issued to DBJPM on November 22, 2023 and recorded on December 12, 2023. The property was thereafter sold and conveyed from DBJPM to Essence Hotel LLC (Essence) on August 15, 2024. NLT served as the title company for the closing.

On August 12, 2024, shortly before the conveyance to Essence, plaintiff filed a notice of mechanic's lien against the property with the Kings County Clerk. In the notice, plaintiff claimed the amount of $50,000 for unpaid labor and material expenditures incurred from

2

[* 2]

August 15, 2023 to June 1, 2024. The notice stated that plaintiff "Supplied and Installed Access Points, Cable, Brackets, Security Equipment, Electrical Materials, Etc." to 611 LLC.

The instant action was commenced by the filing of a summons with notice on September 23, 2024. In his complaint, filed on October 16, 2024, plaintiff sets forth a cause of action against DBJPM for breach of contract, a cause of action against DBJPM and NLT for "violation" of the New York State Lien Law, a cause of action for gross negligence against NLT (based on the title company's failure to include the mechanic's lien on the title report so that it could be satisfied prior to the closing to Essence), and against DBJPM and NLT for fraud and conspiracy to commit fraud. DBJPM and NLT interposed answers setting forth certain affirmative defenses, including failure to state a cause of action. DBJPM also set forth counterclaims to discharge the lien (or bond, if thereafter procured) and for slander of title. On November 1, 2024, DBJPM obtained a bond from Intact discharging the lien pursuant to Lien Law §§ 19 (4) and 21 (5).

Both DBJPM and NLT move for summary judgment dismissing the complaint. Plaintiff moves to amend the complaint to add Intact as a defendant and separately cross-moves for an order granting summary judgment on his claims and directing payment on the bond.

A defendant moving for summary judgment has the initial burden of coming forward with admissible evidence, such as affidavits by persons having knowledge of the facts, reciting the material facts and showing that the cause of action has no merit (*GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967 [1985]). Once the moving party has made a prima facie showing of entitlement to summary judgment, the burden shifts to the opponent

3

to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which requires a trial (*id.*; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" for this purpose (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). While the "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks omitted]), bald, conclusory assertions or speculation and "[a] shadowy semblance of an issue" are insufficient to defeat summary judgment (*S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974]), as are "merely conclusory claims" (*Stonehill Capital Mgt., LLC v Bank of the W.*, 28 NY3d 439, 448 [2016] citing *Putrino v Buffalo Athletic Club*, 82 NY2d 779, 781 [1993]).

"Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties" (*Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 104 [2d Dept 2009]; *see Siskin v Cassar*, 122 AD3d 714, 717 [2d Dept 2014]; *CDJ Bldrs. Corp. v Hudson Group Constr. Corp.*, 67 AD3d 720, 722 [2d Dept 2009]). "One cannot be held liable under a contract to which he or she is not a party" (*Victory State Bank v EMBA Hylan, LLC*, 169 AD3d 963, 965 [2d Dept 2019]; *see Maki v Travelers Cos., Inc.*, 145 AD3d 1228, 1230 [3d Dept 2016]; *1911 Richmond Ave. Assoc., LLC v G.L.G. Capitol, LLC*, 90 AD3d 627, 627 [2d Dept 2011]). The evidence submitted in this matter, as well as the allegations in the complaint itself, establishes that any contractual relationship with plaintiff regarding the alleged work was entered into only

4

by 611 LLC, which is not a party to this action. There being no basis for plaintiff's breach of contract claim as against DBJPM, the first cause of action is subject to dismissal.

The second cause of action alleged by plaintiff is that defendants are in violation of the Lien Law. Specifically, plaintiff alleges that "[d]efendants ignored the lien during the sale of the property and failed to ensure that Plaintiff's lien was satisfied or escrowed at closing, thus violating Plaintiff's rights under New York State Lien Law." However, plaintiff has not cited any provision in the Lien Law requiring that a mechanic's lien existing on a property be satisfied or escrowed upon the closing of the sale of the property. It is unclear from his pleading whether plaintiff is asserting a claim for foreclosure of the mechanic's lien. Nonetheless, such a cause of action could not be sustained as any entitlement to a lien stemming from plaintiff's contract with 611 LLC was cut off by the referee's deed to DBJPM.

Lien Law 13 (1) provides that a lien for materials furnished or labor performed in the improvement of real property "shall have priority over a conveyance, mortgage, judgment or other claim against such property not recorded, docketed or filed at the time of the filing of the notice of such lien, except as hereinafter in this chapter provided." One exception is provided by Lien Law (5), which provides, in part, that

> "No instrument of conveyance recorded subsequent to the commencement of the improvement, and before the expiration of the period specified in section ten of this chapter for filing of notice of lien after the completion of the improvement, shall be valid as against liens filed within a corresponding period of time measured from the recording of such conveyance, unless the instrument contains a covenant by the grantor that he will receive the consideration for such conveyance and will hold the right to receive such consideration as a trust fund to be applied

5

[* 5]

> first for the purpose of paying the cost of the improvement and that he will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose."

However, the above subsection 5 expressly states that "[n]othing in this subdivision shall apply to a deed given by a referee or other person appointed by the court for the sole purpose of selling real property." Because the referee's deed to DBJPM was recorded prior to the filing of plaintiff's lien, the "lien is not valid against the deed" (*Leonard Eng'g v Zephyr Petroleum Corp.*, 135 AD2d 795, 797 [2d Dept 1987]). To the extent plaintiff is claiming a lien for work done after the conveyance to DBJPM, the relevant portion of Lien Law § 3 provides that a contractor or laborer shall have a lien where such person "performs labor or furnishes materials for the improvement of real property *with the consent or at the request of* the owner thereof, or of his agent, contractor or subcontractor" (emphasis added). "Consent of the owner is the sine qua non, and if no consent is shown, there is no right to a lien" (*GCDM Ironworks v GJF Constr. Corp.*, 292 AD2d 495, 496 [2d Dept 2022]). "The consent required by this section is not mere acquiescence and benefit, but some affirmative act or course of conduct establishing confirmation" (*id.*)

The affidavit of DBJPM's property manager establishes that no agreement was made with nor was consent given to plaintiff for the alleged work. In fact, plaintiff's submissions demonstrate that his agreement to perform the work was made solely with 611 LLC and/or its owner, Alec Shtromandel. There is nothing therein to indicate that plaintiff had any communication or other contact with DBJPM regarding the work for which plaintiff filed a

6

[* 6]

lien, and plaintiff does not otherwise submit or cite evidence sufficient to raise an issue of fact.

Turning next to the third cause of action for gross negligence, "[t]he threshold question in any negligence action is [whether] defendant owe[s] a legally recognized duty of care" to plaintiff (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 232 [2001]). The existence of a duty of care is also necessary to state a cause of action to recover damages for gross negligence (*see East Meadow Driving School v Bell Atl. Yellow Pages Co.*, 273 AD2d 270, 271 [2d Dept 2000]). "Courts traditionally 'fix the duty point by balancing factors, including the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk and reparation allocation, and public policies affecting the expansion or limitation of new channels of liability'" (*Hamilton*, 96 NY2d at 232, quoting *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 586 [1994]). The court finds that the duty of NLT to assure that any recorded liens are revealed by its title search, while clearly owed to the person or entity who retained NLT, does not extend to the actual lienors of record, whose interests are preserved whether or not they are included in the report (*cf. F & C Gen. Contrs. Corp. v Atlantic Mut. Mtge. Corp.*, 268 AD2d 556 [2d Dept 2000] [lienholder was entitled to add negligence cause of action to its complaint against title insurer, abstract company, and mortgagee for their failure to satisfy mechanic's lien filed by lienholder at closing on refinancing of property, where defendants had notice of the lienholder's contention that they were negligent in failing to follow closing instructions received from lienholder's counsel]). Additionally, in order to recover damages for an alleged title defect, actual loss must be

7

demonstrated (*see E.C.I. Fin. Corp. v First Am. Tit. Ins. Co. of N.Y.*, 121 AD3d 833, 834 [2d Dept 2014]). NLT's alleged omission of the lien from the title report did not result in any "actual loss" to plaintiff as the lien has been shown to be invalid as against DBJPM, and plaintiff would not be entitled to recover thereon.

The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2d Dept 2010]). Even if NJT had knowledge of the mechanic's lien and failed to disclose the lien, there is no allegation that plaintiff justifiably relied on this "misrepresentation" to his detriment, which resulted any loss or damages to plaintiff. Since there is no underlying meritorious claim for fraud, the conspiracy claim is likewise without foundation (*see Yuko Ito v Suzuki*, 57 AD3d 205, 207 [1st Dept 2008]).

Accordingly, the fourth cause of action is without merit.

As a result, the motion of DBJPM and cross motion of NLT are granted to the extent that the complaint is hereby dismissed and the bond discharged. In light of this disposition, plaintiff's motion to amend the complaint to add Intact as a party, and plaintiff's cross motion for an order granting summary judgment on his complaint, are both denied.

With respect to the remaining counterclaim for slander of title, the elements of a cause of action to recover damages for slander of title are "'(1) a communication falsely casting doubt on the validity of [the] complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages'" (*39 Coll. Point Corp. v Transpac Capital Corp.*, 27 AD3d 454, 455 [2d Dept 2006], quoting *Brown v Bethlehem Terrace Assoc.*, 136

8

[* 8]

AD2d 222, 224 [3d Dept 1988]). "The wrongful filing for record of a document which casts a cloud upon another's title to or interest in realty is clearly such an act of publication as to give rise to an action for slander of title, if provable damages result" (*Hanbidge v Hunt*, 183 AD2d 700, 701 [2d Dept 1992] [internal quotation marks omitted]). "Special damages 'must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious act[ ]'" (*Shahid v Slochowsky & Slochowsky, LLP*, 208 AD3d 1381, 1383 [2d Dept 2022], quoting *Luciano v Handcock*, 78 AD2d 943, 944 [3d Dept 1980]).

In its second counterclaim, DBJPM does not sufficiently allege facts with particularity, nor is there any proof in the record to demonstrate, that its closing with Essence was affected by the filing of the lien, that Essence is or will be asserting any claims against DBJPM as a result of the lien, or that DBJPM has otherwise incurred any special damages from the filing of the lien.

Thus, upon a search of the record, the court grants summary judgment to plaintiff to the extent of dismissing the second counterclaim for slander of title (CPLR 3212 [b]).

Any relief not expressly granted herein has been considered, and is denied.

The foregoing constitutes the decision, order and judgment of the court.

ENTER,

HON. KERRY J. WARD A. J. S. C.

**Hon. Kerry J. Ward, A.J.S.C.**

9