■ GEORGE VOUNISEAS, Respondent, v TRIBORO BRIDGE & TUNNEL AUTHORITY et al., Defendants, and MATTHEW WILSON et al., Appellants. [599 NYS2d 128] —In an action to recover damages for personal injuries, the defendants Matthew Wilson and Parma Tile Mosaic Co. appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated April 22, 1991, as denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them and all cross claims against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendants Matthew Wilson and Parma Tile Mosaic Co., all cross claims against them are dismissed, and the action against the remaining defendants is severed.

The plaintiff was employed by a painting company hired by the defendant Triboro Bridge & Tunnel Authority to paint portions of the Throgs Neck Bridge. As he was taking down a cable used to support scaffolding, it fell to the roadway below and became entangled in the light rack located on top of a truck driven by the defendant Matthew Wilson and owned by the defendant Parma Tile Mosaic Co. In addition, the front left wheel of a passenger vehicle owned and driven by the defendant Peter Cohen became entangled with the cable. The plaintiff, who was holding onto the cable, was thrown into the air and then to the ground. In this action, he alleged, *inter alia,* that his injuries were caused by the negligence of the defendant drivers. The Supreme Court denied a cross motion by the appellants for summary judgment. We reverse.

It was undisputed that there were no warning signs, lights, or cones in the area of construction and that the plaintiff was not visible to the appellant Wilson. Moreover, the appellants demonstrated, by submission of Wilson's testimony at an examination before trial, that he was traveling at approximately 15 miles per hour and did not see the cable before it snared his truck, and that there were no flagmen in the area. This proof demonstrated the appellants' entitlement to judgment as a matter of law *(see, Bush v Goodno,* 233 App Div 152, *affd* 259 NY 538; *see also, McKee v Jamestown Baking Co.,* 198 F2d 551).

Upon this showing, the plaintiff was required to come forward with sufficient proof in admissible form to raise a triable issue of fact as to the appellants' negligence. However,

the plaintiff's proof materially refuted the appellants' proof only to the extent that the foreman claimed to have had a flagman at the site. Furthermore, in response, the appellants submitted the deposition testimony of a site inspector that the foreman was repeatedly notified that he was not complying with safety procedures. We note that the court granted summary judgment to the codefendant Peter Cohen based on essentially the same set of facts, finding that Cohen owed no duty of care to the plaintiff and that the plaintiff's injuries were not foreseeable. Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.