■ MARGIE CASCIO et al., Respondents, v MICHAEL E. SCIGIANO, Appellant, et al., Defendant. [690 NYS2d 737] —In an action to recover damages for personal injuries, etc., the defendant Michael E. Scigiano appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated June 12, 1998, which granted the plaintiffs' motion to vacate an order of the same court, dated February 27, 1998, granting his motion for summary judgment dismissing the complaint insofar as asserted against him upon the plaintiffs' default in opposing the motion, and, upon vacatur, denied the motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion to vacate is denied, the order dated February 27, 1998, is reinstated, and the action against the remaining defendant is severed.

Regardless of the plaintiffs' reasons for failing to oppose the appellant's summary judgment motion, they have not provided evidence of a meritorious claim so as to require vacatur of the order dated February 27, 1998, pursuant to CPLR 5015 (*see, Jackson v Newburgh Enlarged City School Dist.,* 259 AD2d 521). The evidence showed that the injured plaintiff, after having stopped at a stop sign, proceeded into the intersection without yielding the right of way to the appellant in violation of Vehicle and Traffic Law § 1142 (a) (*see, Rumanov v Greenblatt,* 251 AD2d 566; *Singh v Shafi,* 252 AD2d 494). The evidence also showed that the injured plaintiff failed to see what, by the proper use of her senses, she should have seen (*see, Nunziata v Birchell,* 238 AD2d 555). The plaintiffs' papers were insufficient to raise any triable issues of fact. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.