■ EARL ZELAYA et al., Respondents, v RICHARD A. CAPPADONA, Appellant. [741 NYS2d 920] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated April 6, 2001, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Earl Zelaya was injured when his vehicle collided with a vehicle operated by the defendant at the intersection of Allen Street and Long Beach Road in Hempstead. In moving for summary judgment dismissing the complaint, the defendant established that Zelaya brought his vehicle to a stop, and then proceeded into the intersection and collided with the defendant's oncoming vehicle, which had the right of way. The defendant thus demonstrated his prima facie entitlement to judgment as a matter of law *(see* Vehicle and Traffic Law § 1142 [a]; *Rumanov v Greenblatt,* 251 AD2d 566; *Nunziata v Birchell,* 238 AD2d 555). Under the circumstances, the allegations of the plaintiffs' attorney in opposition were insufficient to raise a triable issue of fact as to the defendant's contributory negligence *(see Wolfson v Milillo,* 262 AD2d 636; *Cascio v Scigiano,* 262 AD2d 264; *cf. Patti v Fenimore,* 181 AD2d 869; *Bogorad v Fitzpatrick,* 38 AD2d 923, *affd* 31 NY2d 984). Consequently, the Supreme Court erred in denying the defendant's motion for summary judgment. Florio, J.P., Friedmann, H. Miller and Townes, JJ., concur.