■ MAHAMMAD M. ALI et al., Appellants, v TIP TOP TOWS, INC., et al., Respondents. [757 NYS2d 757] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Glover, J.), dated June 10, 2002, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated October 1, 2002, which denied the plaintiffs' motion, denominated as one for leave to renew and reargue, but which was, in effect, for leave to reargue the prior motion.

Ordered that the appeal from the order dated October 1, 2002, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated June 10, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiffs allegedly were injured when their vehicle, operated by the plaintiff Mahammad M. Ali and in which the plaintiff Shamsun N. Ali was a passenger, collided at an intersection with a tow truck owned by the defendant Tip Top Tows, Inc., and operated by the defendant Rickey Maharaj. In support of their motion for summary judgment dismissing the complaint, the defendants established that Mr. Ali brought his vehicle to a stop, and then proceeded into the intersection and collided with the defendants' oncoming vehicle, which had the right of way. The defendants thus demonstrated their prima facie entitlement to judgment as a matter of law (*see* Vehicle and Traffic Law § 1142 [a]; *Zelaya v Cappadona,* 294 AD2d 431 [2002]; *Cascio v Scigiano,* 262 AD2d 264 [1999]). The evidence also showed that Mr. Ali failed to see what, by the proper use of his senses, he should have seen (*see Breslin v Rudden,* 291 AD2d 471 [2002]; *Cascio v Scigiano, supra*).

In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether Maharaj was negligent in the operation of the tow truck. The plaintiffs failed to demonstrate, by admissible evidence, the existence of a triable issue of fact that Maharaj was speeding just before the accident (*see Breslin v Rudden, supra*; *Le Claire v Pratt,* 270 AD2d 612 [2000]). Accordingly, the defendants were entitled to summary judgment dismissing the complaint.

The plaintiffs' subsequent motion, denominated as one for leave to renew and reargue, was not based on new facts which were unavailable to them at the time of the defendants' motion for summary judgment. Therefore, the motion was, in effect, one for leave to reargue, the denial of which is not appealable

(*see Tittman v Rappaport,* 287 AD2d 709 [2001]). S. Miller, J.P., Goldstein, McGinity and Mastro, JJ., concur.