■ TERESA CYNAR, Respondent, v U.S. TRUST CORPORATION, Appellant. [776 NYS2d 900]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated August 13, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was cleaning one of the offices located on the seventh floor of a building owned by her employer and leased by the defendant when she tripped over a cord of a space heater which allegedly belonged to one of the defendant's employees.

The defendant established its entitlement to judgment as a matter of law by demonstrating that it did not have actual or constructive notice of the alleged condition (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Katsoris v Waldbaum, Inc.*, 241 AD2d 511, 512 [1997]; *Kraemer v K-Mart Corp.*, 226 AD2d 590 [1996]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. General awareness that employees sometimes brought space heaters to work was insufficient to establish constructive notice

of the particular condition which caused the plaintiff to fall (*see Kershner v Pathmark Stores*, 280 AD2d 583, 584 [2001]; *Chemont v Pathmark Supermarkets*, 279 AD2d 545 [2001]; *Halperin v Waldbaum's Supermarket*, 236 AD2d 514, 515 [1997]; *Kraemer v K-Mart Corp., supra* at 591).

In light of our determination, we need not reach the parties' remaining arguments. Krausman, J.P., Luciano, Cozier and Spolzino, JJ., concur.