■ Cecilia Echevarria, Respondent, v James F. Waters, Appellant, et al., Respondent. [777 NYS2d 724]—In an action to recover damages for personal injuries, the defendant James F.

Waters appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 12, 2004, as granted that branch of the plaintiff's motion which was to vacate the dismissal of the action as against him, in effect, pursuant to 22 NYCRR 202.27.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was to vacate the dismissal of the action as against the appellant is denied, and the action against the remaining defendant is severed.

The action was dismissed when the plaintiff's counsel failed to appear at a final pretrial conference. To be relieved of the default in appearing at the conference, the plaintiff was required to show both a reasonable excuse for the default and a meritorious cause of action (*see* CPLR 5015 [a] [1]; 22 NYCRR 202.27; *Kandel v Hoffman*, 309 AD2d 904, 905 [2003]; *Precision Envelope Co. v Marcus & Co.*, 306 AD2d 263, 264 [2003]; *cf. Reices v Catholic Med. Ctr. of Brooklyn & Queens*, 306 AD2d 394 [2003]). The plaintiff failed to demonstrate that she had a meritorious cause of action against the appellant, as there was no evidence that the appellant was negligent in the occurrence of the subject motor vehicle accident (*see* Vehicle and Traffic Law § 1142 [a]; *Ali v Tip Top Tows*, 304 AD2d 683 [2003]; *Zelaya v Cappadona*, 294 AD2d 431 [2002]; *Gravina v Wakschal*, 255 AD2d 291 [1998]). Accordingly, the plaintiff's motion to vacate the dismissal of the action as against the appellant should have been denied. Santucci, J.P., H. Miller, Luciano, Crane and Spolzino, JJ., concur.