◼ SONIA NUNEZ, Respondent, v BELL ATLANTIC CORPORATION et al., Appellants. [840 NYS2d 370]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 19, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly tripped and fell over a telephone cord as she was cleaning a guest room during the course of her employment at a hotel. Not knowing who owned or installed the telephone equipment, the plaintiff commenced this action against the defendants, Bell Atlantic Corporation, Bell Atlantic New York, Inc., and Verizon Communications, Inc.

The defendants established their entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that they did not own, install, maintain, or repair the telephone equipment in the hotel room, and that they did not create the alleged defective condition or have actual or constructive notice of it (*see Cynar v U.S. Trust Corp.,* 7 AD3d 749 [2004]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact with respect to her claim that the defendants owned the equipment or created the defect. Although the defendants had destroyed certain documents sought by the plaintiff in discovery, the Supreme Court should not have denied the defendants' motion for summary judgment on that basis since those documents were not central to the plaintiff's case (*see Deveau v CF Galleria at White Plains, LP,* 18 AD3d 695 [2005]; *Klein v Ford Motor Co.,* 303 AD2d 376 [2003]). Rivera, J.P., Spolzino, Ritter and Dickerson, JJ., concur.