◼ LUIS GUZMAN et al., Respondents, v CSC HOLDINGS, INC., et al., Appellants, et al., Defendant. [926 NYS2d 613]—

In an action to recover damages for personal injuries, etc., the defendants CSC Holdings, Inc., and Cablevision of Ossining, L.P., appeal, the defendant Verizon New York, Inc., separately appeals, and the defendants Roadway Express, Inc., and Ricky A. Teague separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered June 10, 2010, as denied their separate cross motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the cross motion of the defendant Verizon New York, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and

substituting therefor a provision granting that cross motion, and (2) by deleting the provision thereof denying the separate cross motion of the defendants Roadway Express, Inc., and Ricky A. Teague for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and substituting therefor a provision granting that separate cross motion; as so modified, the order is affirmed insofar as appealed from by the defendants CSC Holdings, Inc., and Cablevision of Ossining, L.P., with one bill of costs to the defendants Roadway Express, Inc., and Ricky A. Teague, and the defendant Verizon New York, Inc., appearing separately and filing separate briefs, payable by the plaintiffs and the defendants CSC Holdings, Inc., and Cablevision of Ossining, L.P., and one bill of costs to the plaintiffs, payable by the defendants CSC Holdings, Inc., and Cablevision of Ossining, L.P.

This action arises from an accident that occurred on October 18, 2005 in Peekskill, when a tractor-trailer truck owned by the defendant Roadway Express, Inc., and operated by the defendant Ricky A. Teague (hereinafter together the Roadway defendants), hit a suspended wire installed and maintained by Cablevision of Ossining Limited Partnership, sued herein as both CSC Holdings, Inc., and Cablevision of Ossining, L.P. (hereinafter Cablevision). The truck struck the wire while passing underneath it, causing the wire to be pulled to the ground from a fire station facade to which it had been attached. The falling wire struck the vehicle of the defendant Joseph Edwards, bouncing off the windshield and over the back of the car. It then struck the plaintiff Luis Guzman (hereinafter the injured plaintiff), who was then a pedestrian walking along the adjacent sidewalk. The wire wrapped around the injured plaintiff's legs and dragged him from the sidewalk and into the roadway.

The injured plaintiff and his wife, suing derivatively, commenced this action against Cablevision, the Roadway defendants, Edwards, and the defendant Verizon New York, Inc. (hereinafter Verizon), which had installed and maintained a telephone line for the fire station. Edwards moved for summary judgment dismissing the complaint and all cross claims insofar asserted against him. The remaining defendants separately cross-moved for the same relief. In the order appealed from, the Supreme Court, inter alia, denied the respective cross motions of the Roadway defendants, Cablevision, and Verizon. We modify.

The Supreme Court erred in denying the Roadway defendants' cross motion. A driver has a duty to see that which he should have seen through the proper use of his senses (*see Gordon v Honig*, 40 AD3d 925 [2007]; *Ali v Tip Top Tows*, 304

AD2d 683 [2003]). The Roadway defendants established, prima facie, that Teague, the driver of the truck, did not breach this duty. The Roadway defendants demonstrated that the subject wire had the circumference of a human pinky finger and was lashed with lashing wire to a 1/4-inch steel cable for support. Further, the wire was hanging lower than the top of the truck, but only a few feet below the height at which it usually hung, and there were no warning signals to alert Teague to the presence of the wire. The Roadway defendants also submitted evidence establishing that Teague had driven tractor-trailer trucks of similar height under the subject wire approximately four days per week for eight years without incident, that, on the date of the incident, he was driving between 10-20 miles per hour, which was below the posted speed limit, and that he did not see the wire before it struck his truck. The evidence submitted by the Roadway defendants established, as a matter of law, that Teague did not breach his duty to see that which he could have seen with the proper use of his senses (*see Vouniseas v Triboro Bridge & Tunnel Auth.*, 194 AD2d 665 [1993]; *Bush v Goodno*, 233 App Div 152 [1931], *affd* 259 NY 538 [1932]; *cf. Alomia v New York City Tr. Auth.*, 292 AD2d 403 [2002]). In response, neither the plaintiffs nor any other party raised a triable issue of fact (*see Vouniseas v Triboro Bridge & Tunnel Auth.*, 194 AD2d at 666; *see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Verizon also established its entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that it did not own, install, maintain, or repair the subject wire, and that it did not cause the wire to be in a dangerously low position, or have actual or constructive notice of that condition (*see Nunez v Bell Atl. Corp.*, 41 AD3d 803 [2007]). In opposition, neither the plaintiffs nor any other party raised a triable issue of fact with respect to their allegation that Verizon created the defect (*see Roldan v New York Univ.*, 81 AD3d 625, 627 [2011]; *Fotiatis v Cambridge Hall Tenants Corp.*, 70 AD3d 631 [2010]). Accordingly, the Supreme Court also erred in denying Verizon's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Cablevision, however, failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it. Although Cablevision demonstrated, prima facie, that it neither created nor had actual notice of the dangerously low position of the wire, it failed to eliminate all triable issues of fact as to whether it had constructive notice of the wire's positioning. Since

Cablevision failed to meet its prima facie burden on its cross motion for summary judgment, the Supreme Court properly denied that cross motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions have been rendered academic. Dillon, J.P., Covello, Chambers and Roman, JJ., concur.