■ MIDSTATE MUTUAL INSURANCE COMPANY, as Subrogee of Franco Rossi, Jr., Appellant, v BRUCE KNEBEL, Respondent. [10 NYS3d 288]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated August 29, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant was driving his truck through a parking lot adjoining a building owned by Frank Rossi and insured by Midstate Mutual Insurance Company (hereinafter Midstate). The truck allegedly struck low-hanging communication lines, causing a service mast on the roof of the building to collapse and the electrical service to short circuit. A fire ensued, causing damage to the building, for which Midstate paid Rossi's claim

under his insurance policy. Midstate, as Rossi's subrogee, commenced the instant action against the defendant as the owner and operator of the truck.

A driver has a duty to see that which he or she should have seen through the proper exercise of his or her senses (*see Guzman v CSC Holdings, Inc.*, 85 AD3d 1113 [2011]; *Gordon v Honig*, 40 AD3d 925 [2007]; *Ali v Tip Top Tows*, 304 AD2d 683 [2003]; *Vouniseas v Triboro Bridge & Tunnel Auth.*, 194 AD2d 665 [1993]).

Here, the defendant established, prima facie, that he could not, in the exercise of reasonable care, have anticipated that his truck, which he knew to be 10½ feet high, would strike the utility wires leading to Rossi's building. The defendant had entered and exited the subject location many times before in the same truck, and had not encountered any difficulty passing below the utility wires. He therefore established his prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Guzman v CSC Holdings, Inc.*, 85 AD3d at 1115; *Vouniseas v Triboro Bridge & Tunnel Auth.*, 194 AD2d 665 [1993]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant should have observed the wires through the proper use of his senses (*see Guzman v CSC Holdings, Inc.*, 85 AD3d 1113 [2011]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.