■ Lindy Joseph et al., Respondents, v City of New York et al., Appellants. [38 NYS3d 556]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered May 8, 2015, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim, and granted plaintiffs' cross motion for partial summary judgment on the issue of liability on that claim, unanimously reversed, on the law, without costs, the motion granted, the cross motion denied, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff Lindy Joseph was struck by a pipe while it was being flushed clean with a highly pressurized mixture of air, water, and a rubber "rabbit" device. The movement of this mixture through the pipe failed to bring the mechanism of plaintiff's injury within the ambit of section 240 (1) because it did not involve "the direct consequence of the application of the force of gravity to an object" (*Gasques v State of New York*, 15 NY3d 869, 870 [2010]). The mixture in the pipe did not move through the exercise of the force of gravity, but was rather intentionally propelled through the pipe through the use of high pressure (*see Medina v City of New York*, 87 AD3d 907, 909 [1st Dept 2011] [subway rail that struck and hit the plaintiff "was propelled by the kinetic energy of the sudden release of tensile stress . . . not the result of the effects of gravity"]; *see also Smith v New York State Elec. & Gas Corp.*, 82 NY2d 781 [1993]). Concur—Mazzarelli, J.P., Friedman, Andrias, Webber and Gesmer, JJ.