Herrera v Kent Ave. Prop. III LLC (2022 NY Slip Op 01738)





Herrera v Kent Ave. Prop. III LLC


2022 NY Slip Op 01738


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Index No. 304215/13E Appeal No. 15519-15519A Case No. 2020-04178, 2021-01510 

[*1]Erwin Herrera et al., Plaintiffs-Respondents,
v
Kent Avenue Property III LLC et al., Defendants-Appellants-Respondents. J & A Concrete Corp., Defendant-Respondent-Appellant. [And Other Third-Party Actions.]


Lawrence, Worden, Rainis & Bard, P.C., Melville (Karin McCarthy of counsel), for appellants-respondents.
Cerussi & Spring, P.C., White Plains (Christopher B. Roberta of counsel), for respondent-appellant.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for Erwin Herrera and Lauteria Herrera, respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 20, 2020, which, to the extent appealed from as limited by the briefs, denied defendants Kent Avenue Property III, LLC and JE Levine Builder, Inc.'s motion for summary judgment dismissing the Labor Law § 240(1) claim, denied defendant J & A Concrete Corp.'s cross motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims as against it, and granted plaintiffs' cross motion for partial summary judgment on the § 240(1) claim, unanimously modified, on the law, to grant defendants' motions as to the Labor Law § 240(1) claim and deny plaintiffs' motion as to that claim, and otherwise affirmed, without costs. Order, same court and Justice, entered April 27, 2021, which, to the extent appealed from, denied defendant J & A's motion for leave to renew, unanimously affirmed, without costs.
Labor Law § 240(1) is inapplicable to this case because plaintiff's injuries were not "the direct consequence of a failure to provide adequate protection against a risk from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). Plaintiff was struck by an excavator; the fact that at the time he was bringing debris up an earthen ramp, or that he rolled down the ramp after being struck, does not give rise to a cause of action pursuant to Labor Law § 240(1) (see Joseph v City of New York, 143 AD3d 489 [1st Dept 2016], lv denied 33 NY3d 904 [2019]; Dominguez v Mirman, Markovits & Landau, P.C., 180 AD3d 646, 647 [2d Dept 2020]).
The court correctly determined that defendant J & A was a "statutory agent" for Labor Law purposes. The record establishes that J & A had been delegated the authority to control the activity that brought about the injury, including responsibility to provide barriers, flagmen, and also post danger signs (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Sanchez v 404 Park Partners, LP, 168 AD3d 491, 492 [1st Dept 2019]; Ohadi v Magnetic Constr. Group Corp., 182 AD3d 474, 476 [1st Dept 2020]).
The court properly denied renewal, as J & A failed to provide a reasonable explanation for failing to submit the newly proffered evidence on the original motion (CPLR 2221[e] [3]). In any event, the newly proffered evidence does not change the result on these motions. We decline plaintiffs' request to search the record with respect to their common-law negligence and Labor Law §§ 200 and 241(6) claims, as plaintiffs raise issues not raised by the appealing parties (see Taveras v 1149 Webster Realty Corp., 134 AD3d 495, 497 [1st Dept 2015], affd 28 NY3d 958 [2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022