Moore v URS Corp. (2022 NY Slip Op 05601)

Moore v URS Corp.

2022 NY Slip Op 05601

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Index No. 160630/14 Appeal No. 16350 Case No. 2021-02796 

[*1]Walter Moore et al., Plaintiffs-Respondents,
v
URS Corporation et al., Defendants-Appellants, Total Safety, Defendant. [And a Third-Party Action]
Liro Program and Construction Management, P.C. et al., Second Third-Party Plaintiffs-Appellants,
v
Prismatic Development Corp./JH Reid-Joint Venture et al., Second Third-Party Defendants.
URS Corporation et al., Third-Third Party Plaintiffs-Appellants,
v
Prismatic Development Corp./JH Reid-Joint Venture et al., Third-Third Party Defendants.

Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for appellants.
Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for respondents.

Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered July 12, 2021, which, to the extent appealed from as limited by the briefs, denied defendants/second third-party plaintiffs/third third-party plaintiffs URS Corporation, URS Corporation - New York, Liro Program and Construction Management, P.C., Liro Program and Construction, PE, P.C., Liro Engineering & Construction Management, P.C., and URS/LIRO JV's (defendants) motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff Walter Moore allegedly sustained injuries while stacking plywood sheets at a construction site. He claims that a plywood sheet began to slide off the top of the stack and, as he stepped toward the stack to stop the loose plywood sheet from falling, he tripped and fell on debris, whereupon the plywood sheet fell on top of him. Nonparty New York City Department of Sanitation (DOS) owned the construction site, and had hired plaintiff's employer as the general contractor. DOS also retained defendants for construction management services.
The court correctly found that issues of fact existed as to whether defendants were "statutory agents" for Labor Law purposes. While defendants established prima facie that they were not statutory agents by pointing to evidence that they did not control plaintiff's work, plaintiff raised issues of fact by submitting deposition testimony, contract documents, and other documentary evidence showing that defendants had been delegated the authority to control the activity that brought about plaintiff's injury, at least with respect to safety issues associated with plaintiff's work (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Herrera v Kent Ave. Prop. III LLC, 203 AD3d 512, 513 [1st Dept 2022]; Santos v Condo 124 LLC, 161 AD3d 650, 653 [1st Dept 2018]).
Viewing the evidence in the light most favorable to plaintiff (see Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012]), defendants could not establish that plaintiff was not exposed to a gravity-related risk contemplated by Labor Law § 240(1). In any event, the conflicting evidence as to the height from which the plywood sheet fell, in addition to a lack of evidence as to the weight of the loose plywood sheet and the extent to which plaintiff's injuries were caused by the plywood sheet, raised issues of fact as to whether the height differential presented a gravity-related risk covered by the statute (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 605 [2009]; Coaxum v Metcon Constr., Inc., 93 AD3d 403, 404 [1st Dept 2012]).
Factual issues also precluded dismissal of the Labor Law § 241 (6) claim. The record raised an issue of fact as to whether the location where plaintiff was stacking the plywood for storage was a "working area" as defined in 12 NYCRR 23-1.7 (e) (2) (see Rossi v 140 W. JV Mgr. LLC, 171 AD3d 668 [1st Dept 2019]). Moreover, the evidence that plaintiff had used the 2' x 4' wood pieces that [*2]were strewn on the floor to serve as a base upon which to stack the plywood sheets raised an issue of fact as to whether the wood piece on which he tripped was an integral part of his work (see Krzyzanowski v City of New York, 179 AD3d 479 [1st Dept 2020]).
The Labor Law § 200 and common-law negligence claims arose from both a dangerous premises condition and the means and methods of the injury-producing work (see Cackett v Gladden Props., LLC, 183 AD3d 419, 420-421 [1st Dept 2020]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). While defendants made a prima facie showing of entitlement to summary judgment dismissing the claims insofar as they were based on the means and methods of plaintiff's work, plaintiff failed to oppose this prima facie showing. As such, that part of the claims was abandoned (see Leveron v Prana Growth Fund I, L.P., 181 AD3d 449, 450-451 [1st Dept 2020]). However, defendants did not present any evidence with respect to the claims insofar as they arose from a dangerous premises condition. Accordingly, that part of the claims was properly sustained.
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022