Bucci v City of New York (2024 NY Slip Op 00124)

Bucci v City of New York

2024 NY Slip Op 00124

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 34069/19 Appeal No. 1407 Case No. 2022-04531 

[*1]Nicholas Bucci, Plaintiff-Appellant-Respondent,
v
City of New York et al., Defendants-Respondents, Henry Haas, Inc., et al., Defendants-Respondents-Appellants, Hunts Point Terminal Produce Cooperative Association Inc., et al., Defendants.
City of New York et al., Third-Party Plaintiffs-Respondents,
v
Verizon New York, Inc., Third-Party Defendant-Respondent-Appellant.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
Coffey Modica O'Meara, LLP, White Plains (Jeffrey W. Gasbarro of counsel), for Henry Haas, Inc., Intercontinental Trust Brokerage Corp and Joel Encarnacion, respondents-appellants.
Calistri McLaughlin LLC, New York (Charlene A. McLaughlin of counsel), for Verizon New York, Inc., respondent-appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York (Steven DiSiervi of counsel), for respondents.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about September 28, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims against defendants City of New York and Hunts Point Terminal Produce Cooperative Association, Inc. (collectively City/HP), granted City/HP's motion for summary judgment dismissing the complaint and cross-claims against them and on their cross-claim against Verizon New York, Inc. for indemnification, denied defendants Henry Haas, Inc., Intercontinental Truck Brokerage Corp. and Joel Encarnacion's (collectively Haas defendants) motion for summary judgment dismissing plaintiff's negligence per se claim against them and granted plaintiff's motion for partial summary judgment on the negligence per se claim as against the Haas defendants premised on violations of Vehicle and Traffic Law §§ 1142(a) and 1172(a), unanimously modified, on the law, to deny City/HP's motion for summary judgment dismissing the Labor Law § 241(6) claim against them and grant plaintiff's motion for partial summary judgment on that claim as against City/HP, to deny plaintiff's motion for partial summary judgment on the negligence per se claim against the Haas defendants and grant the Haas defendants' motion for summary judgment dismissing that claim as against them, to deny City/HP's motion for summary judgment on their claim for statutory indemnification against Verizon, to deny City/HP's motion for summary dismissal of the Haas defendants' claims for contribution and common-law indemnification as against them, and otherwise affirmed, without costs.
The motion court correctly dismissed the Labor Law § 240(1) claims. In order to recover under section 240(1), the hazard to which plaintiff was exposed must have been one "directly flowing from the application of the force of gravity to an object or person" (Medina v City of New York, 87 AD3d 907, 909 [1st Dept 2011], citing Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494 [1993]). Here, the clamp and the attached steel cable struck plaintiff when a moving truck snagged the strung cable, creating tension and built-up kinetic energy, and when the cable snapped it struck his arm and head in a horizontal sling-shot fashion. Thus, plaintiff's injuries were not the result of the effects of gravity (see Joseph v City of New York, 143 AD3d 489, 490 [1st Dept 2016], lv denied 33 NY3d 904 [2019]; Medina at 909).
The motion court, however, should have denied City/HP's motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.29(a). Labor Law § 241(6) requires that contractors and owners "provide reasonable and adequate protection and safety to the persons employed" in "construction, excavation or demolition work." In order to prevail on a cause of action under Labor Law § 241(6), a plaintiff must establish a violation [*2]of an implementing regulation which sets forth a specific standard of conduct (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 502-504). Here, there is no dispute that the Industrial Code section upon which plaintiff relies is sufficiently specific to support a Labor Law § 241 (6) claim. In addition, the facts show plaintiff was still engaged in construction, aloft in a lift bucket and tightening a newly installed steel cable wire, in close proximity to public vehicular traffic on a roadway, when a moving truck struck the cable that was installed in an underpass area and caused the cable to whiplash and strike plaintiff. At the time, there was no flag person or erected barricades to control traffic in the work area. Accordingly, the evidence established that 12 NYCRR 23-1.29(a) was violated and that this violation was a proximate cause of plaintiff's injuries. Thus, the court should have granted plaintiff's motion for partial summary judgment on the Labor Law § 241(6) claim, as plaintiff was not required to demonstrate freedom from comparative fault in order to be awarded summary judgment on that claim (see Rodriguez v City of New York, 31 NY3d 312, 323 [2018]; Prendergast v New York City Tr. Auth., 220 AD3d 583 [1st Dept 2023]; see also Maza v University Ave. Dev. Corp., 13 AD3d 65, 66 [1st Dept 2004]).
City/HP should not have been granted summary judgment on their cross-claim for indemnification from Verizon pursuant to Public Service Law § 228(1)(a)(3), as there was no clear evidence to support a finding that the parties agreed to an indemnification arrangement (see Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777 [1987]).
Plaintiff was not entitled to summary judgment on his negligence per se claim as against the Haas defendants predicated on violations of Vehicle and Traffic Law §§ 1142(a) and 1172(a) (see Gonzalez v Bishop, 157 AD3d 460 [1st Dept 2018]), as the facts do not support a finding that plaintiff was within the class of persons to be protected where the Haas defendants' truck driver was alleged to have run a stop sign just prior to the truck's snagging the cable (see Di Caprio v New York Cent. R.R. Co., 231 NY 94, 97 [1921]; Schectman v Fils, 30 AD2d 878, 879 [2d Dept 1968], affd 25 NY2d 700 [1969]). Plaintiff's common-law negligence claim against the Haas defendants remains, and the record shows that issues of fact exist as to that claim (see generally Midstate Mut. Ins. Co. v Knebel, 128 AD3d 1032, 1033 [2d Dept 2015]; Guzman v CSC Holdings, Inc., 85 AD3d 1113, 1114 [2d Dept 2011]). Even assuming the cited Vehicle and Traffic Law sections did apply, there are grounds to find that comparative negligence was involved in the happening of the accident to warrant potential apportionment of liability (see Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295 [1st Dept 2008]; Gonzalez v Bishop, 157 AD3d 460 [1st Dept 2018]).
City/HP was not entitled to dismissal of the Haas defendants' contribution and common-law indemnification [*3]claims asserted against them, as it is not clear on the record that the potential liability of City/HP is only vicarious. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024