Valenti v Metropolitan Transp. Auth. (2024 NY Slip Op 02000)

Valenti v Metropolitan Transp. Auth.

2024 NY Slip Op 02000

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Renwick, P.J., Webber, Kennedy, Pitt-Burke, Michael, JJ. 

Index No. 300333/10 Appeal No. 1807 Case No. 2021-00150 

[*1]Roberto Valenti et al., Plaintiffs, David Charles et al., Plaintiffs-Appellants-Respondents,
v
The Metropolitan Transportation Authority et al., Defendants-Respondents, Village Dock, Inc., et al., Defendants-Respondents-Appellants, The City Of New York, et al., Defendants.
[A Third-Party Action]
American Bridge Company, Second Third-Party Plaintiff-Respondent,
v
Village Dock, Inc., Second Third-Party Defendant-Respondent-Appellant.

Kazmierczuk & McGrath, Forrest Hills (Katherine Marie McGrath of counsel), for David Charles, Lena Douglas and Ryan Douglas, appellants-respondents.
Fortunato & Fortunato, PLLC, Brooklyn (Louis A. Badolato of counsel), for Jason Lawrence, appellant-respondent.
Newman Meyers Kreines Harris, P.C., New York (Charles W. Kreines of counsel), for Village Dock Inc., and Luis Eduardo Mendoza, respondents-appellants.
Kaufman Borgeest & Ryan LLP, Valhalla (Lisa Fleischmann of counsel), for Building Materials Corporation of America and James T. Smith, respondents-appellants.
Shien Johnson, P.C., Melville (Steven Johnson of counsel), for The Metropolitan Transportation Authority, Triborough Bridge and Tunnel Authority and MTA Bridges and Tunnels, respondents.
Cullen and Dykman, LLP, New York (Paul Plush of counsel), for American Bridge Company, respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about December 21, 2020, which, to the extent appealed from as limited by the briefs, granted the motions of defendants The Metropolitan Transportation Authority (MTA) and Triborough Bridge and Tunnel Authority (TBTA) and third-party defendant American Bridge Company for summary judgment dismissing plaintiffs' Labor Law §§ 200 and 241(6) claims, denied plaintiff Jason Lawrence's motion for summary judgment on his claim that he suffered a serious injury under the No-Fault Law threshold category of 90 out of 180 days, granted American Bridge's motion for summary judgment dismissing Lawrence's 90/180-day claim, and granted plaintiffs' motions for summary judgment on liability as against defendants Luis Eduardo Mendoza and Village Dock, Inc., unanimously modified, on the law, to deny American Bridge's motion for summary judgment dismissing Lawrence's 90/180-day claim, to deny plaintiffs' motions for summary judgment on liability as against Mendoza and Village Dock, and otherwise affirmed, without costs.
The court properly dismissed plaintiff's Labor Law § 200 claims against TBTA and MTA because those entities did not supervise or control the means and methods of the drop-off procedures for workers at the Throgs Neck Bridge, which was left to the general contractor American Bridge (see Delaney v City of New York, 78 AD3d 540, 541 [1st Dept 2010]). The presence of a TBTA officer whose job was to ensure that the workers being transported were identified as being on the appropriate lists and to open secure areas of the work site, as needed, is insufficient evidence of control and supervision. The court also correctly dismissed plaintiffs' Labor Law § 241(6) claim, as Industrial Code (12 NYCRR) § 23-1.29, is not applicable to the facts here. While the drop-off area might have been part of the larger work site, it was not plaintiffs' work area, and thus that provision does not apply (see James v Alpha Painting & Constr. Co., Inc., 152 AD3d 447 [1st Dept 2017]; compare Bucci v City of New York, 223 AD3d 453, 2024 NY Slip Op 00124 [1st Dept 2024]).
The court should not have dismissed plaintiff Lawrence's claim that he suffered an injury that prevented him from performing his usual and customary daily activities for not less than 90 out of 180 days. Lawrence did not return to work after the accident, and his treating physicians averred to those injuries caused by the motor vehicle accident resulting in his disability during the relevant time frame (see Massillon v Regalado, 176 AD3d 600, 602 [1st Dept 2019]; Lazzari v Qualcon Constr., LLC, 162 AD3d 440, 441 [1st Dept 2018]; Taylor v Delgado, 154 AD3d 620, 621 [1st Dept 2017]). Lawrence is not, however, entitled to summary judgment on that claim as defendants' experts raised questions of fact as to the extent of plaintiff's disability during the relevant time period.
Plaintiffs are not entitled to summary judgment against defendants [*2]Mendoza and Village Dock on collateral estoppel grounds, the ground enumerated in their notices of motion. Mendoza's plea of guilty to a Vehicle and Traffic Law § 1128(a) offense is evidence of negligence, but it is not conclusive and does not bar him or his employer from contesting liability here in this civil action (see Handelsman v Llewellyn, 180 AD3d 580, 580 [1st Dept 2020]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024