| |
|---|
| **Juarez v Levitt** |
| 2024 NY Slip Op 31362(U) |
| April 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154268/2020 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DAVID B. COHEN**                    PART    58

_Justice_

-------------------------------------------------------------------------------X

HUGO SEBASTIAN JUAREZ,

INDEX NO.          154268/2020

                    Plaintiff,

MOTION SEQ. NO.          003

- v -

JEFFREY A. LEVITT, AS TRUSTEE OF RHFT
INVESTMENT TRUST, JACQUES GRANGE, INC., and
EUROSTRUCT, INC.,

**DECISION + ORDER ON
MOTION**

                    Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 81, 82, 83, 84

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this Labor Law action, defendant Jacques Grange, Inc. (JGI) moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint as against it.

## I.  Factual and Procedural Background

This case arises from an incident on March 12, 2020, in which plaintiff was allegedly injured after falling off of a ladder while working at a building located at 33 West 12th Street in Manhattan (the premises) (NYSCEF Doc No. 65). Plaintiff commenced this action against defendants alleging claims of common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6) (Doc No. 65). JGI joined issue by its answer dated February 3, 2022, denying all substantive allegations of wrongdoing and asserting various affirmative defenses (Doc No. 66). JGI now moves for summary dismissal of the complaint as against it (Doc No. 63), which plaintiff opposes (Doc No. 82).

**154268/2020   JUAREZ, HUGO SEBASTIAN vs. JEFFREY A. LEVITT, AS**
**Motion No.  003**

**Page 1 of 7**

[* 1]

*A. Deposition Testimony of Plaintiff (Doc Nos. 70-72)*

At his deposition, plaintiff testified that, on the day of the incident, he was employed by nonparty Atelier Premiere and working on the premises. He and his foreman, another Atelier Premiere employee, were responsible for applying a special type of plaster to the interior of the front entrance foyer on the first floor of the premises. Plaintiff was given instructions by his foreman, who was the only person from whom he received instructions. He was not given any safety equipment and was not wearing any on that day. The only items he provided himself were his tools; Atelier Premiere provided him with a 6-foot, A-frame ladder to reach the ceiling of the foyer. He was unaware of any prior complaints regarding the ladder. He also never asked for scaffolding, nor was any such scaffolding available to use. When asked about JGI, he stated he had never heard of them.

On the date of the incident, plaintiff entered the premises, retrieved the ladder from the basement, and set it up in the foyer. He ascended the ladder and began to apply tape to the ceiling with both hands. The ladder suddenly turned and fell to the ground, causing him to fall and land on top of it. Shortly after the incident, he noticed one of the ladder's legs had become bent. He then left the premises and transported himself to the hospital.

*B. Deposition Testimony of Defendant Jeffrey A. Levitt (Doc No. 73)*[1]

Defendant Levitt testified that he was an attorney for a family who resided at the premises (the occupants). In 2014, defendant RHFT Investment Trust, of which he was the sole trustee, purchased the premises on behalf of the occupants. However, he was unaware of plaintiff's accident and any related construction project.

---

[1] In October 2023, plaintiff discontinued this action as against Levitt (Doc No. 85).

**154268/2020   JUAREZ, HUGO SEBASTIAN vs. JEFFREY A. LEVITT, AS**
**Motion No.  003**

**Page 2 of 7**

2 of 7

### C. Deposition Testimony of JGI (Doc No. 75)

A project manager for JGI testified that it was an interior designer/decorator that only provided the occupants with "drawings, the layout for the furniture, the selection of fabrics, the selection of wall finishes, paint samples," and other items related to "decoration[s]." It did not hire any contractors for the project and never coordinated any work done at the premises, it only helped the occupants identify contractors to hire. Although JGI recommended a general contractor, the occupants hired defendant Eurostruct, Inc. directly instead. Atelier Premiere was hired to handle painting and plastering, but JGI never instructed Atelier Premiere or its employees on how to perform their work. JGI also did not have the authority to stop workers on the project, it could only notify the requisite managers.

### D. Deposition Testimony of Nonparty RHFT Investment Trust (Doc No. 74)

A witness for nonparty RHFT Investment Trust (RHFT) confirmed Levitt's testimony that the trust was setup in connection with the purchase of the premises. RHFT owned the premises, which contained a residential space and a commercial space with different street addresses, and the witness, one of the occupants, resided there with his family. He was generally aware of the construction project occurring, but he was not involved in any of the negotiations and was unfamiliar with many of the project's details.

He engaged with JGI to "design and decorate" the premises, which "evolved and expanded" over time to cover "tile work, . . . wall coverings, . . . carpeting, . . . furniture, . . . [and] lighting." JGI "designed and oversaw" everything that was done and was in charge of the work being performed. It was responsible for selecting and approving contractors related to the decoration work and decided to engage Atelier Premiere to handle the painting and plastering. It also had the authority to stop "improper" work, although he did not know whether it could stop

**154268/2020  JUAREZ, HUGO SEBASTIAN vs. JEFFREY A. LEVITT, AS**  **Page 3 of 7**
**Motion No.  003**

3 of 7

[* 3]

unsafe work. However, the witness also stated that other work was taking place at the premises at the same time as JGI's work, and JGI was not responsible for such work.

### E. Contract Between RHFT and JGI (Doc No. 77)

Pursuant to the contract, the scope of work to be performed by JGI included, among other things, providing the overall "scheme and design" of the project, drawings of all designs, and "samples of all decoration materials chosen." The contract contained several provisions related to contractors. Contractors performing structural work, like demolition or masonry, would be selected by JGI and approved by RHFT, with JGI "collaborat[ing] with any existing contractors performing such work." Contractors performing decorative or specialty work, like "specialty decorative plaster" or "specialty decorative painting," would also be chosen by JGI and approved by RHFT, but would be paid by RHFT directly. JGI was tasked with "control[ling] the progress of the works" for which it was responsible and "supervis[ing] the execution and the schedule "of contractors performing any decorative or specialty work."

## II. Legal Analysis and Conclusions

### A. Plaintiff's Labor Law §§ 200, 240(1) and 241(6) Claims

JGI contends that it is entitled to dismissal of plaintiff's Labor Law claims because it has made a prima facie showing that it was not an agent of the owner or contractor for purposes of the statute. Plaintiff maintains in opposition that even if JGI made a prima facie showing, questions of fact exist regarding whether JGI was a statutory agent based on the contract it entered into with RHFT for performing the work.

It is well established that owners, contractors, and their agents are subjected to the various requirements of Labor Law. A defendant is deemed a statutory agent of the owner or contractor when it "has supervisory control and authority over the work being done when the plaintiff is

**154268/2020   JUAREZ, HUGO SEBASTIAN vs. JEFFREY A. LEVITT, AS**
**Motion No. 003**

**Page 4 of 7**

4 of 7

[* 4]

injured" (*Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]). "The determinative factor is whether the defendant had the right to exercise control over the work, not whether it actually exercised that right" (*Santos v Condo 124 LLC*, 161 AD3d 650, 653 [1st Dept 2018] [citations omitted]).

JGI has made a prima facie showing that it lacked the requisite control and authority, based on the testimony from its project manager that it never directed Atelier Premiere on how to perform the plastering work and plaintiff's testimony that he was entirely unfamiliar with JGI and only received instructions from his Atelier Premiere coworker (*see Moore v URS Corp.*, 209 AD3d 438, 439 [1st Dept 2022]).

Plaintiff fails to satisfy its shifted burden to demonstrate that questions of fact exist. Although there is testimony that JGI "oversaw" and was "in charge of" plaintiff's plastering work, and the contract between RHFT and JGI provided that JGI would "control" and "supervise" contractors performing plastering work, there is no evidence that JGI was responsible for either the specific manner in which plaintiff performed his work or whether such work was performed safely. JGI's responsibilities are best described as "general supervisory responsibilities," which are insufficient to impose liability under Labor Law (*see Diaz v P&K Contr., Inc.*, 224 AD3d 405, 406 [1st Dept 2024]; *Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 307 [1st Dept 2007]). Therefore, JGI was not a statutory agent for Labor Law purposes, and plaintiff's Labor Law claims are dismissed (*see Diaz*, 224 AD3d at 406 [granting defendant's motion for summary dismissal of plaintiff's Labor Law claims because defendant was not statutory agent]; *cf. Herrera v Kent Ave. Prop. III LLC*, 203 AD3d 512, 513 [1st Dept 2022] [finding defendant was statutory agent, in part, because it was responsible for "provid[ing] barriers, flagmen, and also post[ing] danger signs"]; *Moore*, 209 AD3d at 439 [finding questions of fact existed regarding authority to control work

**154268/2020   JUAREZ, HUGO SEBASTIAN vs. JEFFREY A. LEVITT, AS**
**Motion No.  003**

**Page 5 of 7**

5 of 7

because of testimonial and documentary evidence pertaining to control of "safety issues associated with plaintiff's work"]).

## B. Plaintiff's Common Law Negligence Claims

Plaintiff's common-law negligence claims are dismissed for the same reasons as his Labor Law claims. Common-law negligence claims like the ones at issue here "either arise from an alleged defect or dangerous condition existing on the premises or from the manner in which the work was performed" (*Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 406 [1st Dept 2018]). When, like here, the claim arose from the manner in which plaintiff performed his work, liability may only be imposed if a defendant had sufficient control over the means and methods of the work (*Hughes*, 40 AD3d at 309).

As stated above, JGI's responsibilities amounted to general supervisory responsibilities, not control over the means and methods of plaintiff's work plastering the interior of the foyer. Thus, JGI is entitled to summary dismissal of plaintiff's common-law negligence claims against it (*see Villanueva*, 162 AD3d at 407 [granting summary dismissal of common-law negligence claims against defendant because it lacked sufficient control over "manner and means" of plaintiff's work]; *Hughes*, 40 AD3d at 309 [granting summary dismissal of common-law negligence claims because defendant established that it "only exercised general supervisory powers" and plaintiff failed to demonstrate questions of fact existed]).

Accordingly, it is hereby:

ORDERED that the motion by defendant Jacques Grange, Inc. for summary judgment dismissing the complaint as against it is granted and the complaint is dismissed against it; and it is further

**154268/2020   JUAREZ, HUGO SEBASTIAN vs. JEFFREY A. LEVITT, AS**
**Motion No.  003**

**Page 6 of 7**

ORDERED that the said claims against defendant Jacques Grange, Inc. are severed and the balance of the action shall continue; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of defendant Jacques Grange, Inc. dismissing the claims against it in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs.

20240419105354DBCOHEN48B9E9BF129E4131A809E54E3FD054F0

| **4/19/2024** | | **DAVID B. COHEN, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**154268/2020   JUAREZ, HUGO SEBASTIAN vs. JEFFREY A. LEVITT, AS**
**Motion No.  003**

Page 7 of 7