Maza v 120 E. 144 LLC
2026 NY Slip Op 03119
May 19, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jhonatan Maza, Appellant,
v
120 East 144 LLC, Respondent.

Decided and Entered: May 19, 2026
Index No. 819431/23|Appeal No. 6654|Case No. 2025-08029|
Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Conway, Farrell, Curtin & Kelly, P.C., New York (Darrell John of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered on or about December 3, 2025, which denied plaintiff's motion for partial summary judgment on his claims pursuant to Labor Law §§ 240(1) and 241(6), unanimously affirmed, without costs.
Plaintiff alleges that he suffered a crush injury to his left foot while working on a demolition project at defendant's premises. Plaintiff met his prima facie burden on summary judgment by submitting his deposition testimony that the approximately 1000 pound bucket attachment on a Bobcat compact excavator fell on his foot while he was switching it out with another attachment (see Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]). In response, defendant established an issue of fact concerning the cause of plaintiff's injury and whether it was gravity-related (see Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 594 [1st Dept 2014]). Specifically, sworn statements by the coworker who was operating the Bobcat, and a statement that plaintiff allegedly made to his project manager, suggest that plaintiff's foot was on top of the bucket while the bucket was still fully attached to the Bobcat. Under this scenario, when the Bobcat raised the bucket, plaintiff's foot was injured because it became wedged between the bucket and the connection plate that connected the bucket to the arms of the Bobcat. This alternate cause of plaintiff's injury was not related to gravity and so could not give rise to liability under Labor Law § 240(1) (see Joseph v City of New York, 143 AD3d 489, 490 [1st Dept 2016], lv denied 33 NY3d 904 [2019]). The affirmation of the Bobcat operator, who stated that the bucket never fell, was not inconsistent with his previous statement that he did not witness how plaintiff was hurt (see Cuevas v Baruti Constr. Corp., 164 AD3d 447, 448 [1st Dept 2018]).
Supreme Court also correctly denied plaintiff's motion for partial summary judgment on the Labor Law § 241(6) claim premised on Industrial Code (12 NYCRR) §§ 23-1.5(c)(3) and 23-9.2(a). Assuming, without finding, that defendant violated those Industrial Code sections, defendant's alternate account of the injury raises issues of fact as to whether those violations caused plaintiff's injuries (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 318 [2024]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2026